# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:04cv00285-W

| | |
|---|---|
| BENJAMIN GATTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| THE VILLAGE OF LAKE PARK, a ) | |
| North Carolina municipality, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. No. 16) and supporting memorandum (Doc. No. 17), both of which were filed January 31, 2005. Plaintiff responded (Doc. No. 18) on February 16, 2005, and this matter is now ripe for disposition. For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss, and DENIES AS MOOT Defendant's alternative Motion for a More Definite Statement.

Defendant has moved to dismiss on several grounds pursuant to Rule 12 of the Federal Rules of Civil Procedure, including lack of subject matter jurisdiction (Rule 12(b)(1)), insufficiency of service of process (Rule 12(b)(5)), failure to state a claim upon which relief can be granted (Rule 12(b)(6)), and failure to join a necessary party (Rule 12(b)(7)).

The existence of subject matter jurisdiction is a threshold issue. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac

R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.

The Court has already made findings of fact as to the nature of Plaintiff's claim. In its order of June 21, 2004, the Court denied a motion for a temporary restraining order after finding the following:

> As best this Court can determine, Plaintiff's refusal to pay approximately $1,100.00 in homeowner's dues resulted in a lien being filed by the Lake Park Homeowner's Association, Inc. ("LPHOA") in Union County in March of 2003. His continued refusal to pay, premised upon the allegedly confusing nature of the LPHOA's due payment address, resulted in the LPHOA's filing of a motion for foreclosure in November of 2003. After several months of proceedings, the Union County Court granted that motion in March of 2004. Plaintiff's property was then noticed for sale by foreclosure in April of 2004. Plaintiff did not appeal the order allowing the foreclosure to proceed. Moreover, there is no evidence that Plaintiff took any further steps to protect his property rights until June 14, 2004, with the filing of this Complaint and motion for a temporary restraining order.
>
> The gravamen of Plaintiff's Complaint alleges that the Defendant Village of Lake Park, a municipality, used the LPHOA as its agent to take his property by foreclosure without due process. . . . "

(Doc. No. 5, p.2). In sum, Plaintiff seeks an order from this Court enjoining the state court from proceeding with the foreclosure of his property. Plaintiff also seeks a declaration by this Court that the law governing the foreclosure is unconstitutional, and that the foreclosure action results in an unconstitutional taking.

Plaintiff claims a deprivation of property without due process, in violation of several constitutional amendments. These claims appear to fall under the realm of § 1983; however, the mere existence of a cause of action under § 1983 does not confer subject matter jurisdiction. See Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61, 63 (4th Cir.1988); see also Davis

v. Pak, 856 F.2d 648, 650 (4th Cir.1988). Although it is not clearly stated in the complaint or amended complaint, Plaintiff relies on 28 U.S.C.A. § 1331, which confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

The existence of subject matter jurisdiction depends upon the assertion of a *substantial* claim. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Id. (internal quotations and citations omitted); see also Davis, 856 F.2d at 651 (holding that federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). "The doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." Davis, 856 F.2d at 651; see also Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir.1999).

A review of Plaintiff's claims indicates that he has not asserted a substantial federal claim. Due process requires "notice and opportunity for hearing appropriate to the nature of the case" before an individual can be deprived of a property interest. See Davis, 856 F.2d at 651 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). Here, Plaintiff received both during the course of the foreclosure proceedings in Union County. It was at this juncture that Plaintiff's allegations in this Court should have been asserted. Setting aside the alleged due process violation, it is evident that all Plaintiff seeks is federal consideration of a state law issue. Because Plaintiff has failed to present a substantial constitutional claim, we affirm the dismissal for lack of subject matter jurisdiction.

Furthermore, the Rooker-Feldman doctrine also supports dismissal of this action for lack of

subject matter jurisdiction. Under the Rooker-Feldman doctrine, federal courts are not appeals courts for state court rulings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ; see also American Reliable Insurance Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir.2003)("a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)).

The Rooker-Feldman doctrine is implicated if "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratice Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997) (citing Ernst v. Child and Youth Servs., 108 F.3d 486, 491 (3d Cir.1997); Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir.1995) (Rooker-Feldman operates as a bar "if the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling")).

In this case, a favorable ruling by this Court would require federal review of the Union County decision and would produce a result voiding the state court's ruling. In essence, Plaintiff's claims in this Court are more properly considered as defenses to the foreclosure action in state court. Those defenses should have been raised in the state court proceeding, and Plaintiff cannot now seek relief in this Court by asserting the defenses in an attempt to overturn the ruling of the state court. Accordingly, Rooker-Feldman applies, and this Court is without subject matter jurisdiction over Plaintiff's claims.

Because this Court dismisses this action for lack of subject matter jurisdiction, the Court need not reach the merits of Defendant's other reasons for dismissal.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss is GRANTED, and Defendant's alternative Motion for a More Definite Statement is DENIED AS MOOT. The clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Signed: March 28, 2007

Frank D. Whitney
United States District Judge